IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAURICE PRESTON SCOTT, | ) |
| Petitioner, | ) Case No. 7:21cv00020 |
| v. | ) **MEMORANDUM OPINION** |
| MELVIN DAVIS, WARDEN, | ) By:  Hon. Thomas T. Cullen |
| | )         United States District Judge |
| Respondent. | ) |

Maurice Preston Scott ("Scott" or "Petitioner"), a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 Lynchburg Circuit Court convictions for attempted robbery, use of a firearm in commission of robbery, and unlawfully wearing a mask in public. Scott has alleged ineffective assistance of counsel. The respondent has filed a motion to dismiss, alleging that the petition is untimely and the issues are procedurally defaulted. In reviewing the pleadings and this court's records in *Scott v. Kelly*, No. 7:09cv00377,[1] the court finds that this petition is a second or subsequent petition under § 2254, and Scott has not obtained certification from the United States Court of Appeals for the Fourth Circuit to authorize this subsequent petition, as required by 28 U.S.C. § 2244(b). Accordingly, the court must dismiss this matter as successive.[2]

---

[1] Although respondent asserted in his motion to dismiss that no prior federal habeas had been filed (ECF No. 8 at 3), review of the court files indicates otherwise. The 2009 federal habeas was dismissed *sua sponte*.

[2] Because the court must dismiss this petition as successive, Scott's motions to amend the petition (ECF Nos. 15 and 16) are denied, and his motion to appoint counsel (ECF No. 14) will be dismissed as moot.

On April 6, 2004, Scott was arrested and charged in Lynchburg with attempted robbery, in violation of Virginia Code §§ 18.2-26 and 18.2-58; use of a firearm in commission of a felony, in violation of Virginia Code § 18.2-53.1; and unlawfully wearing a mask in public, in violation of Virginia Code § 18.2-422, all occurring on the date of his arrest.[3] He was also charged in Bedford County with similar offenses alleged to have occurred in March 2004. On February 22, 2005, Scott pled guilty in Lynchburg Circuit Court to attempted robbery, use of a firearm, and unlawfully wearing a mask in public. On April 15, 2005, he was sentenced to 10 years with five suspended for attempted robbery, five years for the use of a firearm in the commission of a felony, and 12 months with 11 months suspended for unlawfully wearing a mask, resulting in a total active sentence of 10 years, one month; the remaining five years and 11 months were suspended conditioned on completion of two years of probation and 10 years of good behavior. Scott did not appeal his conviction and sentence.

On October 23, 2006, Scott filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging ineffective assistance of counsel. Specifically, he alleged his counsel's performance was deficient with respect to: advising him to plead guilty; failing to file a motion to suppress statements made in the absence of *Miranda*[4] warnings; and failing to advise him of any possible defenses. He also alleged insufficient evidence to support a conviction. The Supreme Court of Virginia denied his petition on July 3, 2007. Scott did not file a federal petition at that time.

---

[3] Additional charges of attempted statutory burglary in violation of Virginia Code § 18.2-90 and another use of a firearm in commission of a felony were dropped by the Commonwealth.

[4] In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court announced a rule requiring officers to advise suspects of their right to remain silent and right to have an attorney before conducting custodial interrogation.

In February 2009, Scott filed a motion to correct his sentence in the Lynchburg Circuit Court, which was denied. His appeal to the Court of Appeals of Virginia was also denied on August 10, 2009. *Scott v. Director, Department of Corrections*, No. 0580-09-3 (Va. Ct. App. Aug. 9, 2009). In April 2009, he filed a petition for a writ of mandamus in the Supreme Court of Virginia, which the court dismissed on August 10, 2009. *In re Scott*, No. 091052 (Va. Aug. 10, 2009). Finally, on June 5, 2009, Scott filed another petition for writ of habeas corpus in the Supreme Court of Virginia, which the court dismissed as successive and untimely. *Scott v. Warden*, No. 091154 (Va. Aug. 6, 2009). Immediately thereafter, Scott filed a petition for habeas corpus under § 2254 in this court, which was dismissed as untimely on November 25, 2009. *Scott v. Kelly*, No. 7:09cv00377 (W.D. Va. Nov. 25, 2009) (Kiser, J.).

In 2018, 2019, and 2020, Scott filed several motions to vacate in Lynchburg Circuit Court, alleging that the court lacked subject matter jurisdiction over the criminal case and that the judgment was void *ab initio*. Each of these cases and their appeals were dismissed. *See* Gov't Mot. to Dismiss at 3.

On January 14, 2021, over 15 years after the judgment was entered, approximately 13 years after his first state habeas was dismissed, and more than 10 years after his first federal habeas petition was dismissed, Scott filed the current § 2254 petition. Each of the issues of ineffective assistance of counsel was raised in one or more of his prior cases.

Pursuant to 28 U.S.C. § 2244(b), a federal district court may consider a second or successive § 2254 petition, such as Scott's current petition, only if the petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria described in § 2244(b)(3). Because Scott has

provided no evidence that he has obtained the proper certification from the Fourth Circuit, the court is required to dismiss this petition without prejudice as successive. Accordingly, Scott's petition will be dismissed without prejudice.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Dismissal of a petition as second or subsequent filing falls within this requirement. *Slack*, 529 U.S. at 482; *Jones v. Braxton*, 392 F.3d 683 (4th Cir. 2004). Because Scott has not made such showings in this case, a certificate of appealability will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 1st day of December, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE